IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/Appellee,<br><br>vs.<br><br>JOSE ARTURO SANCHEZ-LOPEZ,<br><br>  Defendant/Appellant. | No. CR 11-773-TUC-CKJ (BPV)<br><br>**ORDER** |

On April 1, 2011, Defendant Jose Arturo Sanchez-Lopez filed a Motion to Dismiss for Want of Prosecution and Under the Speedy Trial Act ("Motion to Dismiss") (Doc. 9). The United States filed its response (Doc. 10). Magistrate Judge Bernardo P. Velasco held a hearing on the matter April 13, 2011, and denied Defendant's Motion to Dismiss. Pending before the Court is Defendant's Appeal to Denied Motion to Dismiss for Want of Prosecution and Under the Speedy Trial Act (Doc. 17). The United States has filed its response in opposition (Doc. 18). For the reasons set forth herein, the denial of Defendant's Motion to Dismiss is affirmed.

*I. Procedural Background*

On January 30, 2011, Defendant was arrested. The following day, a complaint (Doc. 1) was filed charging him with "knowingly and intentionally possess[ing] with the intent to distribute 500 grams or more, but less than 5 kilograms of cocaine, that is, approximately

4.76 kilograms of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II)." The document is signed by an Assistant United States Attorney. Her signature follows the statement "REC: DETENTION."

On January 31, 2011, Defendant's initial appearance was held before Magistrate Judge Jacqueline J. Marshall. The court ordered Defendant temporarily detained pursuant to 18 U.S.C. § 3142(f). Magistrate Judge Marshall's minute entry from the proceeding included the following statement: "Government's motion for detention and request for a continuance for the Detention Hearing pursuant to § 3142(e) & (f) is ☒ Granted." (Doc. 2) A detention hearing and preliminary hearing were set for February 2, 2011.

On February 2, 2011, Magistrate Judge Marshall presided over Defendant's detention hearing. She ordered Defendant be temporarily detained pending trial. Attorney Richard Madril was appointed counsel of record for Defendant. (Doc. 3)

On March 2, 2011, a grand jury issued an Indictment (Doc. 5) charging Defendant with the commission of two offenses.[1] While the second count simply restated the charge set forth in the Complaint, the first count brought a new charge. It alleged that Defendant "did knowingly and intentionally import into the United States of America from the Republic of Mexico, 500 grams or more, but less than 5 kilograms of cocaine, that is, approximately 4.76 kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(2)(B)(ii)."

*II. Standard of Review*

Magistrate judges for the District of Arizona, in cases they are assigned, are entrusted with the duty to "make determinations and enter appropriate orders pursuant to the Speedy Trial Act, unless otherwise indicated by the Act." LRCrim. 57.6(d)(18). While the issue

---

[1]Defendant mistakenly asserts he was indicted on March 3, 2011. (Doc. 17) The Court notes the Indictment (Doc. 5) was time-stamped, filed, and docketed on March 2, 2011. March 2, 2011, is the date of the Indictment.

- 2 -

presented by the Motion to Dismiss is a Speedy Trial Act matter, it is also a dispositive one. The Court therefore reviews the denial of Defendant's Motion to Dismiss de novo. *See* 28 U.S.C. § 636(b); *United States v. Raddatz*, 447 U.S. 667, 673-74, 100 S.Ct. 2406, 2411 (1980).

*III. Analysis*

The Speedy Trial Act of 1974 (" the Act") provides, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3161(b). However, certain periods of delay are excluded in computing the thirty-day period. § 3161(h). If more than 30 days have accrued after excluding the periods of delay provided for in section 3161(h), then the offenses "contained in [the] complaint shall be dismissed or otherwise dropped." § 3162(a)(1).

The Indictment charged Defendant with the commission of two offenses. Count one ("Count I") charged Defendant with importing a controlled substance. Count two ("Count II") charged possession with the intent to distribute. While Count II is an offense that Defendant was charged with in the Complaint, Count I is not. Count I is a charge first brought against Defendant in the Indictment. The difference as to when each charge was first brought has important implications under the Act. Specifically, Count I does not implicate the Act's time limit for issuing an indictment. Count II, on the other hand, does implicate the time limit. As a result, the amount of excludable time is the primary issue for Count II.

*A. Count I*

The thirty-day limitation of section 3161(b) generally does not apply to charges first introduced by the indictment and not contained in an earlier complaint. *See United States v. Gastelum-Almeida*, 298 F.3d 1167, 1173 (9th Cir. 2002) ("A charge contained in a superseding indictment which was not included in the original complaint does not violate

- 3 -

1  the Speedy Trial Act"); *United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1050 (9th Cir.
2  1990) (rejecting defendant's contention that indictment must be for all charges connected
3  with his arrest); *United States v. Candelaria*, 704 F.2d 1129, 1131-32 (9th Cir. 1989)
4  (holding indictment pursuant to section 3161(b) was not intended to extend to persons
5  arrested but neither charged nor subject to continuing restraint); *United States v. Heldt*, 745
6  F.2d 1275, 1280 (9th Cir. 1984) ("Not all charges must be filed within the first thirty day
7  period."). *See also United States v. MacDonald*, 456 U.S. 1, 7 n. 7, 102 S.Ct. 1497, 1501
8  n. 7, 71 L.Ed.2d 696 (1982) (expressing the view that Congress did not intend time that
9  accrued while charges were not pending to be included when computing time under the
10 Act). Failing to file the indictment within the thirty-day limit of section 3161(b) calls for
11 the dismissal of charges, but the language of the statute limits the reach of this sanction:

12  If, in the case of any individual against whom *a complaint is filed charging such individual with an offense*, no indictment or information is filed within
13  the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, *such charge* against that individual *contained in such complaint*
14  shall be dismissed or otherwise dropped.

15 18 U.S.C. § 3162(a)(1) (emphasis added). The text of the statute is limited to situations in
16 which a complaint is filed, a particular charge is "contained in such complaint," and an
17 indictment is not filed for that particular charge. The grand jury charged Count I as a
18 separate and new charge, one not contained in the Complaint. Therefore, Count I is not
19 subject to the thirty-day limit of section 3161(b), and there is no speedy trial violation.
20
21 *B. Count II - Excludable Time*
22      Count II, on the other hand, is an offense Defendant was charged with in the
23 Complaint. On January 30, 2011, he "was arrested . . . in connection with such charges."
24 *See* § 3161(b). The speedy trial clock thus commenced on this date, although the day of
25 arrest itself is not counted, *United States v. Lopez-Osuna*, 242 F.3d 1191, 1197 (9th Cir.
26 2000) (citing *United States v. Pollock*, 726 F.2d 1456, 1460 n. 6 (9th Cir. 1984)). But
27 Defendant was not indicted within thirty days of his arrest; he was instead indicted on
28

- 4 -

March 2, 2011, thirty-one days from his arrest. Consequently, in order to avoid dismissal, at least one day must have been excludeable.

*1. Motion for Pretrial Detention*

The Act provides,

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed . . .:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to -

. . . .

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C. § 3161(h)(1) and § 3161(h)(1)(D).[2] Where a pretrial motion requires a hearing, the entire time period between the filing of the motion and the conclusion of the hearing is automatically excluded, whether it actually causes delay or not. *Henderson v. United States*, 476 U.S. 321, 329 (1986). *See also United States v. Vo*, 413 F.3d 1010, 1014 (9th Cir. 2005). Both the day the motion was filed and the day of the hearing are excluded. *See* 18 U.S.C. § 3161(h)(1)(D).

Upon motion by the government for pretrial detention, a hearing shall be held if the case involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et. seq.)" 18 U.S.C. § 3142(f)(1)(C). Defendant was charged with violations of 21 U.S.C. § 841(a)(1) and

---

[2] The Fourth Circuit has held days on which certain pretrial proceedings fall are excludable under the catchall language of § 3161(h)(1), which excludes time for "other proceedings concerning the defendant." *United States v. Leftenant*, 341 F.3d 338, 344 (4th Cir. 2003). Excludable pretrial proceedings have been held to include both detention hearings, *id.*, and initial appearances, *United States v. Wright*, 990 F.2d 147, 148 (4th Cir. 1993), *cert. denied* 510 U.S. 871(1993). The Ninth Circuit has also held that certain proceedings fall within the catchall provision of § 3161(h)(1). *See e.g.*, *United States v. Pete*, 525 F.3d 844, 849 (9th Cir. 2008) (certiorari petition); *United States v. Haiges*, 688 F.2d 1273, 1275 (9th Cir. 1982) (arraignment).

- 5 -

841(b)(2)(B)(ii), a Controlled Substances Act offense providing for a forty-year maximum term of imprisonment. Therefore, if the government did move for pretrial detention, the time between the filing of such motion on January 31, 2011, until the conclusion of the pretrial detention hearing on February 2, 2011, is excludable time.

There is an issue, however, as to whether a motion was made. The government claims that at the initial appearance, it "asked for detention and a continuance for the detention hearing which was then set for February 2, 2011." (Doc. 18) In support, the government cites Magistrate Judge Marshall's January 31, 2011, minute entry. The relevant entry reads, "[g]overnment's motion for detention and request for a continuance for the Detention Hearing pursuant to § 3142(e) & (f) is ☒ Granted." (Doc. 2)

The Complaint (Doc. 1) was before the court on the day of Defendant's initial appearance. On the face of the document, immediately preceding the signature of the Assistant United States Attorney, is the statement "REC: DETENTION." Magistrate Judge Marshall both signed the Complaint and recorded in her minutes that the Complaint had been filed. Furthermore, Magistrate Judge Marshall noted during the hearing that she was aware Defendant allegedly lacked legal status in the United States. After stating that she was prepared to issue a preliminary order of detention on that basis, Magistrate Judge Marshall asked the Assistant United States Attorney if she wished to be heard beyond that. Magistrate Judge Marshall's minute entry documents that the court granted the government's motion for detention and request for a continuance of the detention hearing. (Doc. 2) The Court finds these facts, objectively construed, sufficiently show the government made a motion for detention on January 31, 2011.

Even if the motion for detention was not made until the hearing on February 2, 2011, at the least, that day is excluded as a day on which a pretrial motion was made. At the hearing, Magistrate Judge Marshall asked the Assistant United States Attorney if she wished to be heard regarding the government's motion for detention. She requested that Defendant be detained based on his apparent lack of legal status in the United States. The response of Defendant's attorney was solicited, whereupon he submitted the matter on the Pretrial

1   Services Report. Magistrate Judge Marshall then granted the government's motion for
2   detention. This Court finds that a motion was clearly made.

3   The government's motion for pretrial detention tolled the speedy trial clock "from
4   the filing of the motion through the conclusion of the hearing on . . . such motion," including
5   the day the motion was filed and resolved. *See* 18 U.S.C. § 3161(h)(1)(D); *Vo*, 413 F.3d at
6   1014. The motion for detention was made on January 31, 2011, at the initial appearance.
7   The detention hearing was held on February 2, 2011. The three days from the filing of the
8   motion to the conclusion of the hearing are excluded. Count II of the Indictment was thus
9   brought twenty-eight non-excludable days after Defendant's arrest.

10  However, even if Defendant's version is accepted, the Speedy Trial Act was still not
11  violated. His version is that "[h]ere, the periods of delay to be excluded in computing the
12  time is only for the detention hearing." (Doc. 9) Defendant overlooks the fact that even if
13  only this single day is excluded, merely thirty days remain between the arrest and indictment
14  (January 30, 2011, through March 2, 2011, subtracting one day for the February 2, 2011,
15  detention hearing). This falls within the permissible time in which the indictment must be
16  brought under section 3161(b). Therefore, the exclusion of this single day alone would be
17  sufficient to rule out a Speedy Trial Act violation.

19  *2. Motion for Continuance*

20  Time is alternatively found to be excludable due to a motion to continue Defendant's
21  detention hearing. A detention hearing is to be held "upon motion of the attorney for the
22  Government, in a case that involves - . . . (C) an offense for which a maximum term of
23  imprisonment of ten years or more is prescribed in the Controlled Substances Act . . ." 18
24  U.S.C. § 3142(f)(1)(C). As addressed above, this case involves such an offense, and the
25  government made a motion for detention. A detention hearing was thus required.

26  "The hearing shall be held immediately upon the person's first appearance before the
27  judicial officer unless that person, or the attorney for the Government, seeks a continuance."
28  § 3142(f)(2). However, the Defendant "has the right to be represented by counsel" at the

- 7 -

hearing. § 3142(f). "[I]f financially unable to obtain adequate representation, [the Defendant has the right] to have counsel appointed." *Id.*

On January 31, 2011, counsel had not yet been appointed for Defendant. In fact, one of the matters addressed at the initial appearance was whether the Defendant needed and was qualified to receive a court-appointed attorney. An attorney was present at the initial appearance to aid Defendant but was not appointed to his case. "No attorney, unless specially appointed by the Court, shall be considered by the Court as the attorney of record for a defendant in a criminal case until after that attorney shall have filed with the Clerk a written appearance, giving the name and address of both the attorney and the client." L.R.Crim. 57.3. Magistrate Judge Marshall's minute entry also reflects the absence appointed counsel for the Defendant. The detention hearing cannot be held where the defendant lacks legal representation. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). This Court finds that the government's motion for pretrial detention implicitly requested a continuance until the hearing could legally be held.

In the alternative, the Court finds that absent a motion to continue by the government, a motion to continue was made *sua sponte* by the court. The Magistrate Judge, by her own motion, has authority to direct a detention hearing be held in cases where there is a "serious risk" a defendant will flee. § 3142(f)(2)(A). This case involved serious risk of flight. Postponement of the detention hearing by a judicial officer due to lack of legal counsel does not render the hearing untimely. *Fortna*, 769 F.2d at 249. Defendant does not now claim nor has he ever claimed that the detention hearing was untimely.

Time can be excluded "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Before time can be considered excludable, "the court must state such findings in the record, 'either orally or in writing,' 'by the time a district court rules on a defendant's motion to dismiss.'" *United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008) (quoting *Zedner v. United States*, 547 U.S. 489, 507, 126 S.Ct. 1976, 1989 (2006)). *See also United States v. Bryant*, 726 F.2d

1  510, 511 (9th Cir. 1984). The Court is to consider several nonexclusive factors in
2  considering whether "the ends of justice served by [] granting [the] continuance outweigh
3  the best interests of the public and the defendant in a speedy trial." § 3161(h)(7)(B). Two
4  of the four factors are not implicated in the instant case. The case is not "so unusual or so
5  complex" "that it is unreasonable to expect adequate preparation for pretrial proceedings,"
6  nor did "the arrest occur[] at a time such that it is unreasonable to expect return and filing
7  of the indictment within the period specified in section 3161(b)." *See* § 3161(h)(7)(B)(ii)
8  and (iii). The remaining two factors are quite relevant. "[T]he failure to grant [] a
9  continuance" of the detention hearing "would be likely to make a continuation of such
10 proceeding impossible, or result in a miscarriage of justice." *See* § 3161(h)(7)(B)(i). Doing
11 so would also "deny the defendant reasonable time to obtain counsel," and even if counsel
12 could be obtained, failing to grant the continuance "would deny counsel for the defendant
13 . . . the reasonable time necessary for effective preparation." *See* § 3161(7)(B)(iv). The
14 importance of having legal representation at criminal proceedings is firmly grounded in the
15 jurisprudence of this country. The continuance granted was limited in time to three days.
16 This Court finds that the ends of justice outweigh the best interests of the public and the
17 Defendant in a speedy trial. The three day continuance is excludable delay.

19 *IV. Conclusion*

20    Before excluding any time, Defendant was indicted on Count II thirty-one days after
21 he was arrested. The Speedy Trial Act requires he be indicted within thirty non-excludable
22 days. A motion was made for detention at the initial appearance. The hearing on this
23 motion was concluded three days later. The three days between the two events is
24 excludable. While Defendant contests the fact that a motion was made at the initial
25 appearance, he acknowledges one was made at the detention hearing. (Doc. 9) For this
26 reason, he concedes that the day of the detention hearing is excluded. Even if this were the
27 only day that was excluded, it is sufficient to rule out a speedy trial violation. A motion to
28 continue the detention hearing was also made at the initial appearance. The three days

- 9 -

1 between the continuance and the detention hearing are also excluded on this additional
2 basis. Defendant's Motion to Dismiss is therefore without merit.

4       Accordingly, IT IS ORDERED:
5   1.     The Appeal to Denied Motion to Dismiss for Want of Prosecution and Under
6         the Speedy Trial Act (Doc. 17) is DENIED.
7   2.     The Ruling of the Magistrate Judge (Doc. 12) is AFFIRMED.
8 DATED this 15th day of June, 2011.

*[signature]*
Cindy K. Jorgenson
United States District Judge